UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------X
ALBERT BURNEY,

                Plaintiff,

   -against-

D.O.C.[1]; CITY OF NEW YORK; WARDEN L.
RIVERA,

                Defendants.
------------------------------------------------------------------X

**MEMORANDUM & ORDER**

**12-CV-04962 (NGG) (LB)**

FILED
IN CLERK'S OFFICE
U S DISTRICT COURT E.D.N.Y
★ APR 03 2013 ★
BROOKLYN OFFICE

NICHOLAS G. GARAUFIS, United States District Judge.

Pro se Plaintiff Albert Burney brings this action under 42 U.S.C. § 1983 seeking damages resulting from alleged violations of his constitutional rights by Defendants New York City Department of Corrections ("DOC"), City of New York (the "City"), and Warden L. Rivera ("Rivera"). (See Compl.) Plaintiff also moves to proceed in forma pauperis under 28 U.S.C. § 1915. (Pl. Mot. (Dkt. 4).) Plaintiff's request to proceed in forma pauperis is GRANTED. However, for the reasons discussed below, his claims against DOC and the City are DISMISSED. Plaintiff's claim against Defendant Rivera may proceed as set forth below.

**I.    BACKGROUND**

Plaintiff is an inmate at the Anna M. Kross Center at Rikers Island. He alleges that from July 18, 2012, to July 22, 2012, his constitutional rights were violated by Defendants.

---

[1]    The caption of Plaintiff's Complaint lists the first Defendant simply as "D.O.C." (see Compl. (Dkt. 1)), but names the "Dept. of Corr. Of the City of New York" as a Defendant (see id. at IV(B)). The court therefore infers that Plaintiff intends "D.O.C." to mean the New York City Department of Corrections.

1

Specifically, he alleges that he was subject to "bullpin theorpy"[2] [sic], provided fewer than three meals per day, and not allowed to sleep in his bed. (Compl. at IV.) He asserts that he presented his grievances to Rivera but had not received a response as of the filing of his suit. (Id. at II.) Plaintiff seeks compensation for "pain and suffering" and for violations of his rights under the Eighth Amendment to the United States Constitution. (Id. at V.)

## II. STANDARD OF REVIEW

Under 28 U.S.C. § 1915(e)(2)(B), a district court must dismiss an action filed by a plaintiff proceeding in forma pauperis where it "(i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." Moreover, pursuant to 28 U.S.C. § 1915A, the court must screen a civil complaint brought by a prisoner against a governmental entity or its agents and sua sponte dismiss the complaint, or elements thereof, if it is "frivolous, malicious, or fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915A; see Abbas v. Dixon, 480 F.3d 636, 639 (2d Cir. 2007) (discussing sua sponte standard of review under § 1915A for prisoners); Liver v. Goord, 196 F.3d 132, 134 (2d Cir. 1999) (noting that under the Prison Litigation Reform Act, sua sponte dismissal of frivolous prisoner complaints is mandatory).

The court notes that pro se filings are construed liberally and are interpreted to raise the strongest arguments they suggest. See Chavis v. Chappius, 618 F.3d 162, 170 (2d Cir. 2010). This is especially true when such pleadings allege civil rights violations. Sealed Plaintiff v. Sealed Defendant #1, 537 F.3d 185, 191 (2d Cir. 2008). Nevertheless, although courts must read

---

[2] Plaintiff does not define or detail the term "bullpin theorpy." The court notes, without inferring any specific meaning from Plaintiff's allegation, that the phrase "bullpen therapy" has been defined in other cases as "a practice that involves transporting prisoners back and forth needlessly" from prison to court. Pinaud v. Cnty. of Suffolk, 52 F.3d 1139, 1145 (2d Cir. 1995); see also Baker v. Supreme Court for New York, No. 12-CV-4750 (BMC), 2012 WL 4739438, at *1 ("Plaintiff defines 'bullpen therapy' as 'extraneous and unproductive trips to the Court without being produced before the bench.'").

2

pro se complaints with "special solicitude" and interpret them to raise the "strongest arguments that they suggest," Triestman v. Fed. Bureau of Prisons, 470 F.3d 471, 475 (2d Cir. 2006), a complaint must plead "enough facts to state a claim to relief that is plausible on its face," Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007). At the pleadings stage, a court assumes the truth of "all well-pleaded, nonconclusory factual allegations" in a complaint. Kiobel v. Royal Dutch Petroleum Co., 621 F.3d 111, 124 (2d Cir. 2010) (citing Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft, 556 U.S. at 678 (2009). While "detailed factual allegations" are not required, "[a] pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" Id. (quoting Twombly, 550 U.S. at 555).

## III. DISCUSSION

Plaintiff brings this action pursuant to 42 U.S.C. § 1983. In order to maintain a claim under §1983, Plaintiff must allege that: (1) "the conduct complained of [was] committed by a person acting under color of state law," and (2) "the conduct complained of . . . deprived [Plaintiff] of rights, privileges or immunities secured by the Constitution or laws of the United States." Pitchell v. Callan, 13 F.3d 545, 547 (2d Cir. 1994).

### A. Plaintiff's Claim Against DOC

DOC is not a proper party to a § 1983 action. Courts consistently have held that agencies of the City of New York cannot be sued independently under § 1983. See, e.g., Bailey v. New York City Police Dep't, 910 F. Supp. 116, 117 (E.D.N.Y. 1996); Signorile v. City of New York, 887 F. Supp. 403, 421-22 (E.D.N.Y. 1995) ("As an agency of the City, the NYPD can sue and be sued only in the name of the City."); see also Lauro v. Charles, 219 F.3d 202, 205 n.2 (2d Cir.

2000). Accordingly, Plaintiff's claim against DOC is dismissed for failure to state a claim upon which relief may be granted. 28 U.S.C. §§ 1915(e)(2)(B)(ii), 1915A.[3]

B. **Plaintiff's Claim Against the City**

Plaintiff also names the City of New York as a defendant. In order to sustain a § 1983 claim against a municipal defendant such as the City of New York, a plaintiff must show the existence of an officially adopted policy or custom that caused injury and a direct causal connection between that policy or custom and the deprivation of a constitutional right. Bd. of Cnty. Comm'rs of Bryan Cnty., Okl. v. Brown, 520 U.S. 397, 403 (1997) (citing Monell v. New York City Dep't of Soc. Servs., 436 U.S. 658 (1978)). Proof of a single incident of unconstitutional activity is not sufficient to impose liability on a municipality unless proof of the incident includes proof that it was caused by an existing, unconstitutional municipal policy that can be attributed to a municipal policymaker. City of Oklahoma City v. Tuttle, 471 U.S. 808, 823-24 (1985). Here, Plaintiff fails to even allege—and nothing in his Complaint suggests—that any of the allegedly wrongful acts were attributable to a municipal policy or custom. Accordingly, there does not appear to be any basis in Plaintiff's allegations for suing the City of New York—and even if any such basis existed, Plaintiff fails to plead it. Plaintiff's § 1983 claim against the City of New York therefore is dismissed for failure to state a claim upon which relief may be granted. See 28 U.S.C. §§ 1915(e)(2)(B)(ii), 1915A.

---

[3] To the extent Plaintiff seeks to name the Commissioner of the New York City Department of Corrections as a defendant to this action (see Compl. at III), the Commissioner is not a proper party to this action. Plaintiff makes no allegations whatsoever addressing the Commissioner, and any such purported claim therefore is dismissed. 28 U.S.C. §§ 1915(e)(2)(B)(ii); 1915A; Iqbal, 556 U.S. at 663 ("a plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution"); Wright v. Smith, 21 F.3d 496, 501 (2d Cir. 1994) (noting that as a prerequisite to a damages award, a plaintiff must allege each defendant's direct or personal involvement in the alleged constitutional deprivation).

## IV. CONCLUSION

Plaintiff's Complaint as to Defendants DOC and the City is DISMISSED. Plaintiff's claim against Defendant Rivera may proceed. The Clerk of the Court is directed to issue a summons for Defendant Rivera and the U.S. Marshals Service is directed to serve the Complaint and this Order on the Defendant without prepayment of fees. A courtesy copy of same shall be served on the Corporation Counsel for the City of New York, Special Federal Litigation Division. The case is referred to Magistrate Judge Lois Bloom for pretrial supervision.

SO ORDERED.

/S/ Judge Garaufis

Dated: Brooklyn, New York
April _1_, 2013

NICHOLAS G. GARAUFIS
United States District Judge